UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CLIPPER MARINE SERVICES A/S., f/k/a    :
CRESCENT MARINE SERVICES A/S    :
    :
       Plaintiff,    :
    :
 - against -    :
    :    08 CV 3488 (NRB)
BARTON SHIPPING GROUP LIMITED,    :    ECF CASE
BARTON SHIPPING COMPANY LIMITED,    :
BARTON PARTNER LIMITED,  BARTON    :
(TREASURE) LIMITED, TREASURE PARTNER :
LIMITED, BARTON (TRADEWIND) LIMITED    :
BARTON (TRIBUTE) LIMITED, and BARTON    :
(TRITON) LIMITED,    :
    :
       Defendants.    :
-----------------------------------------------------------------X



## VERIFIED AMENDED COMPLAINT

       Plaintiff, CLIPPER MARINE SERVICES A/S f/k/a CRESCENT MARINE SERVICES A/S

by and through its attorneys, Tisdale Law Offices, LLC for its Verified Amended Complaint against

the Defendants, BARTON SHIPPING GROUP LIMITED ("BSGL"), BARTON SHIPPING

COMPANY LIMITED ("BSCL"), BARTON PARTNER LIMITED ("BPL"),  BARTON

(TREASURE) LIMITED ("TREASURE"), TREASURE PARTNER LIMITED ("TPL"), BARTON

(TRADEWIND) LIMITED ("TRADEWIND"), BARTON (TRIBUTE) LIMITED ("TRIBUTE"),

and BARTON (TRITON) LIMITED ("TRITON"), (collectively referred to as "Defendants")

alleges, upon information and belief, as follows:

       1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

       2.     At all times material hereto, Plaintiff Clipper Marine Services A/S, formerly known

as Crescent Marine Services A/S was, and still is, a foreign company, or other business entity,

organized under, and existing by virtue of foreign law with a principal place of business in Copenhagen, Denmark.

3.     Upon information and belief, Defendant BSGL was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business at St. Paul's House, Warwick Lane, London.

4.     Upon information and belief, Defendant BSCL, was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business at St. Paul's House, Warwick Lane, London.

5.     Upon information and belief, Defendant BPL was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with an office and place of business at St. Paul's House, Warwick Lane, London.

6.     Upon information and belief, Defendant Treasure was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a principal place of business at St. Paul's House, Warwick Lane, London.

7.     Upon information and belief, Defendant TPL was, and still is, a foreign corporation, or other business entity organized under and existing by virtue of foreign law with a principal place of business at St. Paul's House, Warwick Lane, London.

8.     Upon information and belief, Defendant Tradewind was, and still is, a foreign corporation, or other business entity organized under and existing by virtue of foreign law with a principal place of business at St. Paul's House, Warwick Lane, London.

9.     Upon information and belief, Defendant Tribute was, and still is, a foreign corporation, or other business entity organized under and existing by virtue of foreign law with a principal place of business at St. Paul's House, Warwick Lane, London.

10.    Upon information and belief, Defendant Triton was a foreign corporation, or other business entity organized under and existing by virtue of foreign law with a principal place of business at St. Paul's House, Warwick Lane, London.

11.    The Plaintiff entered into Standard Ship Management Agreements ("Agreements") with Defendant Treasure using the "SHIPMAN 98" Baltic and International Maritime Council Forms.

12.    The purpose of the Agreements was for the Plaintiff to manage the BOTANY TRUST and the BOTANY TREASURE ("Vessels") on behalf of the Defendant Treasure.

13.    The Agreements required the Defendant Treasure to pay an annual management fee to the Plaintiff, on a monthly installment basis, payable in advance.

14.    The annual management fee to be paid to the Plaintiff was in the amount of $115,000.00, exclusive of international travel expense incurred by the Plaintiff.

15.    The Agreements provided Clipper Wonsild Tankers A/S, an affiliate of the Plaintiff, with an option to purchase the Vessels.

16.    The Plaintiff took over management of the Vessels on May 17 and July 1, 2006.

17.    On November 10, 2006, Clipper Wonsild Tankers exercised its purchase option to buy the Vessels and they were delivered to Clipper Wonsild Tankers on December 8, 2006.

18.    As a result of the purchase of the Vessels, the Plaintiff and Defendant Treasure agreed on how to calculate the amount of management fees to be paid to the Plaintiff under the remaining term of the Agreements.

19.    In breach of the Agreements, Defendant Treasure failed to remit the full amount due and owing to the Plaintiff for management services provided.

20.    As a result of Defendant Treasure's breach of the Agreements, management fees in the amount of $518,993.03 are still due and owing to Plaintiff.

21.     Despite due demand, Defendant Treasure has failed to pay the amounts due and owing under the Agreements.

22.     Pursuant to the Agreements, all disputes arising thereunder are to be submitted to arbitration in London with English Law to apply and arbitration has commenced in London pursuant to the terms of the Agreement.

23.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration pursuant to English Law.  As best as can now be estimated, Plaintiff will be entitled to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim: | $518,993.03 |
| B. | Interest at 6.5% compounded Quarterly from December 8, 2006 | $110,000.00 |
| C. | Arbitration costs and attorneys fees £60,000.00 converted to USD | $120,000.00 |
| **Total** | | **$748,993.03** |

## DEFENDANTS' RELATIONS

I.     BSGL and BSCL

24.     Upon information and belief, BSGL is the alter ego of BSCL because BSGL dominates and disregards BSCL's corporate form to the extent that BSGL is actually carrying on BSCL's business and operations as if the same were its own.

25.     Upon information and belief, Defendant BSCL is an alias or agent of BSGL and/or BSGL is an alias, or agent of BSCL.

26.     Upon information and belief, Defendants BSGL and BSCL share common ownership and operation such that BSCL is 100% owned by BSGL.

27.    Upon information and belief, BSGL and BSCL share the same registered office at St. Paul's House, Warwick Lane, London.

28.    Upon information and belief, BSGL and BSCL share the same directors who are Rodney B. Fox and Bruce D. Lambie.

29.    Upon information and belief, there are no other directors of either company.

30.    In the alternative, BSCL is merely a shell-corporation through which BSGL conducts its business.

II.    BSGL and BPL

31.    Upon information and belief, BSGL is the alter ego of BPL because BSGL dominates and disregards BPL's corporate form to the extent that BSGL is actually carrying on BSCL's business and operations as if the same were its own.

32.    Upon information and belief, Defendant BPL is an alias or agent of BSGL and/or BSGL is an alias, or agent of BPL.

33.    Upon information and belief, Defendants BSGL and BPL share common ownership and operation such that BPL is 100% owned by BSGL.

34.    Upon information and belief, BSGL and BPL share the same registered office at St. Paul's House, Warwick Lane, London.

35.    Upon information and belief, BSGL and BPL share the same directors who are Rodney B. Fox and Bruce D. Lambie.

36.    Upon information and belief, there are no other directors of either company.

37.    In the alternative, BPL is merely a shell-corporation through which BSGL conducts its business.

III.   BCGL and Treasure

38.   Upon information and belief, BSGL is the alter ego of Treasure because BSGL dominates and disregards Treasure's corporate form to the extent that BSGL is actually carrying on Treasure's business and operations as if the same were its own.

39.   Upon information and belief, Defendant Treasure is an alias or agent of BSGL and/or BSGL is an alias, or agent of Treasure.

40.   Upon information and belief, Defendants BSGL and Treasure share common ownership and operation such that Treasure is owned by BSGL.

41.   Upon information and belief, BSGL and Treasure share the same registered office at St. Paul's House, Warwick Lane, London.

42.   Upon information and belief, BSGL and Treasure share the same directors who are Rodney B. Fox and Bruce D. Lambie.

43.   In the alternative, Treasure is merely a shell-corporation through which BSGL conducts its business.

IV.   BSGL and TPL

44.   Upon information and belief, BSGL is the alter ego of TPL because BSGL dominates and disregards TPL's corporate form to the extent that BSGL is actually carrying on TPL's business and operations as if the same were its own.

45.   Upon information and belief, Defendant TPL is an alias or agent of BSGL and/or BSGL is an alias, or agent of TPL.

46.   Upon information and belief, Defendants BSGL and TPL share common ownership and operation such that TPL is 100% owned by BSGL.

47.   Upon information and belief, BSGL and TPL share the same registered office at St. Paul's House, Warwick Lane, London.

48.    Upon information and belief, BSGL and TPL share the same directors who are Rodney B. Fox and Bruce D. Lambie.

49.    Upon information and belief, there are no other directors of either company.

50.    In the alternative, TPL is merely a shell-corporation through which BSGL conducts its business.

V.    BSGL and Tradewind

51.    Upon information and belief, BSGL is the alter ego of Tradewind because BSGL dominates and disregards Tradewind's corporate form to the extent that BSGL is actually carrying on Tradewind's business and operations as if the same were its own.

52.    Upon information and belief, Defendant Tradewind is an alias or agent of BSGL and/or BSGL is an alias, or agent of Tradewind.

53.    Upon information and belief, Defendants BSGL and Tradewind share common ownership and operation such that Tradewind is 100% owned by BSGL.

54.    Upon information and belief, BSGL and Tradewind share the same registered office at St. Paul's House, Warwick Lane, London.

55.    Upon information and belief, BSGL and Tradewind share the same directors who are Rodney B. Fox and Bruce D. Lambie.

56.    Upon information and belief, there are no other directors of either company.

57.    In the alternative, Tradewind is merely a shell-corporation through which BSGL conducts its business.

VI.    BSGL and Tribute

58.    Upon information and belief, BSGL is the alter ego of Tribute because BSGL dominates and disregards Tribute's corporate form to the extent that BSGL is actually carrying on Tribute's business and operations as if the same were its own.

59.    Upon information and belief, Defendant Tribute is an alias or agent of BSGL and/or BSGL is an alias, or agent of Tribute.

60.    Upon information and belief, Defendants BSGL and Tribute share common ownership and operation such that Tribute is 100% owned by BSGL.

61.    Upon information and belief, BSGL and Tribute share the same registered office at St. Paul's House, Warwick Lane, London.

62.    Upon information and belief, BSGL and Tribute share the same directors who are Rodney B. Fox and Bruce D. Lambie.

63.    Upon information and belief, there are no other directors of either company.

64.    In the alternative, Tribute is merely a shell-corporation through which BSGL conducts its business.

VII.    <u>BSGL and Triton</u>

65.    Upon information and belief, BSGL is the alter ego of Triton because BSGL dominates and disregards Triton's corporate form to the extent that BSGL is actually carrying on Triton's business and operations as if the same were its own.

66.    Upon information and belief, Defendant Triton is an alias or agent of BSGL and/or BSGL is an alias, or agent of Triton.

67.    Upon information and belief, Defendants BSGL and Triton share common ownership and operation such that Triton is 100% owned by BSGL.

68.    Upon information and belief, BSGL and Triton share the same registered office at St. Paul's House, Warwick Lane, London.

69.    Upon information and belief, BSGL and Triton share the same directors who are Rodney B. Fox and Bruce D. Lambie.

70.    Upon information and belief, there are no other directors of either company.

8

71.    In the alternative, Triton is merely a shell-corporation through which BSGL conducts its business.

VIII.    Additional Factors Regarding Defendants' Relations

72.    Upon information and belief, BSCL, BPL, Treasure, TPL, Tradewind, Tribute and Triton are all alter egos of BSGL because BSGL dominates the corporate management and structure of each entity, owns and operates each entity and disregards the corporate form of the other entities to the extent that BSGL is actually carrying on the business of every other defendant as if the same were its own.

73.    Upon information and belief, Defendants BSCL, BPL, Treasure, TPL, Tradewind, Tribute and Triton share common ownership and operation such that all companies are ultimately owned and operated by BSGL.

74.    In the alternative, Defendants BSCL, BPL, Treasure, TPL, Tradewind, Tribute and Triton are each aliases or agents of BSGL.

75.    Upon information and belief, the Defendants share common ownership, operation, personnel and premises.

76.    Upon information and belief, the Defendants have no separate, independent identity and share the same head office location as identified above.

77.    Upon information and belief, BSGL, BSCL and BPL have pledged a portion of their shares to third parties, on behalf of some of the other Defendants, as security for loans made to the other Defendants.

78.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands

of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Societe Generale and/or Barclays Bank which are believed to be due and owing to the Defendants.

79.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Barclays Bank, and/or Societe Generale, which are due and owing to the Defendants, in the amount of **$748,993.03** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.    That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
         April 22, 2008

The Plaintiff,
CLIPPER MARINE SERVICES A/S, f/k/a
CRESCENT MARINE SERVICES A/S,

By: _____
Claurisse Campanale-Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                     )     ss.:    Town of Southport
County of Fairfield    )

1.      My name is Claurisse Campanale-Orozco.

2.      I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.      I am an attorney in the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4.      I have read the foregoing Verified Amended Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.      The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.      The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     Southport, Connecticut
           April 22, 2008

Claurisse Campanale-Orozco